USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 27, 2011

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------X
IN RE:                                     :    No. 06 MD 1789 (JFK)
FOSAMAX PRODUCTS LIABILITY LITIGATION      :
------------------------------------------:    **MEMORANDUM OPINION**
This document relates to all cases.        :        **AND ORDER**
------------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    This multidistrict litigation ("Fosamax MDL") concerns allegations that Fosamax, a drug designed and manufactured by defendant Merck Sharp & Dohme Corp. ("Merck"), caused plaintiffs to develop osteonecrosis of the jaw. Before the Court are: (1) motions by plaintiffs Sarah Raber and Reyna Vandercar to withdraw their Lexecon waivers such that their cases are remanded to the district in which they were filed; and (2) the selection of a case to replace Hester v. Merck & Co., Inc., No. 06 Civ. 9450 (JFK), for trial as a bellwether. For the reasons stated below, plaintiffs' motions to withdraw their Lexecon waivers are denied, and Raber v. Merck & Co., Inc., No. 06 Civ. 6295 (JFK), shall replace Hester as the fifth bellwether trial in the Fosamax MDL.

    **I.  Plaintiffs' Request for Lexecon Waiver Withdrawal**

    Plaintiffs Sarah Raber, see Raber v. Merck & Co., Inc., 06 Civ. 6295 (JFK), and Reyna Vandercar, see Vandercar v. Merck & Co., Inc., 06 Civ. 11329 (JFK), move pursuant to Titles II and III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-

213, to withdraw waivers of their rights under <u>Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998), to have their cases tried in the district courts where their cases were originally filed.

In <u>Lexecon</u>, the Supreme Court of the United States ruled that an MDL transferee court could not transfer an MDL member case to itself for trial pursuant to 28 U.S.C. § 1404(a). 523 U.S. at 40-41.  The Supreme Court reasoned that the plain language of the MDL transfer statute, which requires the Judicial Panel on Multidistrict Litigation to remand every action "at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated," 28 U.S.C. § 1407(a), "stands flatly at odds with reading [the MDL transfer statute] so broadly as to reach its literal limits, allowing a transferee court's self-assignment to trump the provision imposing the Panel's remand duty." <u>Lexecon</u>, 523 U.S. at 35.  Therefore, a transferee court lacks authority to conduct a trial of an MDL member case not originally filed in the transferee court without the consent of the parties.

To facilitate the settlement of the cases comprising the <u>Fosamax MDL</u>, the Court directed the parties to select twenty-five cases that could be worked up through expert discovery and from which the Court and the parties would select cases for

-2-

trial as bellwethers. <u>In re Fosamax Products Liability Litigation</u>, No. 06 MD 1789 (JFK) (S.D.N.Y. Jan. 30, 2007) ("Case Management Order No. 9 (Early Trial Selection Process)"). So that the selected cases would constitute a representative sample of the cases comprising the <u>Fosamax MDL</u>,[1] the Court permitted the parties to select cases not originally filed in the Southern District of New York on the condition that, for each case selected that was not filed in the Southern District of New York, the parties would execute <u>Lexecon</u> waivers. <u>See</u> Case Management Order No. 9, ¶ 2. Now plaintiffs Sara Raber and Reyna Vandercar request leave to withdraw their <u>Lexecon</u> waivers as an accommodation under Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213.

Plaintiffs have not demonstrated that the ADA provides a legal basis for withdrawal of a <u>Lexecon</u> waiver. Title II of the ADA governs public transportation by intercity and commuter rail, 42 U.S.C. §§ 12161-65, and prohibits discrimination on the basis of disability by "public entities," which are defined to include State or local governments, departments, agencies, and instrumentalities of State or local governments, and the National Railroad Passenger Corporation, 42 U.S.C. §§ 12131-32.

---

[1] <u>See</u> Manual for Complex Litigation (Fourth) § 22.315 ("If [bellwether trials] are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases.").

Title III of the ADA prohibits discrimination by "public accommodations," which are defined to include "private entities," the operations of which "affect commerce." 42 U.S.C. §§ 12181(7), 12182(a).  Even liberally construed, the ADA does not provide a mechanism for the withdrawal of a Lexecon waiver.

The Lexecon waivers at issue here, on which both parties have relied during the discovery and bellwether selection phases of the Fosamax MDL, reflect plaintiffs' and defendant's consent to trial before this Court, and are analogous to a stipulation of fact or a stipulation to proceed for trial before the court without a jury.  In the Second Circuit, one party may not unilaterally dissolve a stipulation made with the advice of counsel and supported by sufficient consideration. Merchants Bank v. Vescio, 54 F. App'x 513, 513 (2d Cir. Dec. 20, 2002); see also United States ex. rel. Reilly v. New England Teamsters & Trucking Indus. Pension Fund, 737 F.2d 1274, 1278 (2d Cir. 1984) ("A party to a stipulation is not entitled to withdraw from its agreement unilaterally.").  The Second Circuit has ruled that a district court may invalidate a stipulation only upon a "showing of good cause such as fraud, collusion, mistake or duress, or [where] the agreement is unconscionable or contrary to public policy, or . . . [the text of the agreement] suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement." Katel Ltd.

Liab. Co. v. AT & T Corp., 607 F.3d 60, 66 (2d Cir. 2010) (quoting McCoy v. Feinman, 99 N.Y.2d 295, 302 (2002)).  In this case, Raber and Vandercar executed valid Lexecon waivers, and thereby consented to trial before this Court in exchange for expedited discovery and the possibility of an expedited trial schedule.  Therefore, a showing of good cause is required for withdrawal of the Lexecon waivers.

   Raber requests an accommodation due to her husband's ill health and need for medical treatment in Pensacola, Florida, and New Orleans, Louisiana.  She requests withdrawal from her Lexecon waiver so that her case can be tried in the Northern District of Florida, though according to her complaint, Raber is a resident of Arkansas.  While inability to attend trial in the Southern District of New York may constitute good cause warranting withdrawal from an otherwise valid Lexecon waiver, Raber's request mentions only the illness of her husband, and does not explain why Raber, who is a resident of Arkansas, would be able to attend trial in the Northern District of Florida, but not in the Southern District of New York.  Moreover, if Raber's husband can travel to the Northern District of Florida, the Court does not understand why he is unable to travel to the Southern District of New York, particularly in view of the fact that there likely are more flights from Arkansas to airports in the New York area (Newark, LaGuardia, Kennedy) than to those in

-5-

the Northern District of Florida.  Because she has not articulated why trial in the Northern District of Florida would alleviate the hardship of travelling to pursue her claims against Merck, Raber has failed to show good cause warranting withdrawal of her Lexecon waiver.

Vandercar requests an accommodation due to her own ill health and travel restrictions imposed by her doctors.  She is a resident of Florida and asks the Court to remand her case to the Middle District of Florida.  Vandercar currently requires medical treatment close to home that would prevent her from attending any trial in the Southern District of New York.  However, Vandercar's case has not been scheduled for trial and therefore, withdrawal of her Lexecon waiver is premature at this time.  Though the Court denies both plaintiffs' requests for withdrawal of their Lexecon waivers, Vandercar may renew her request for withdrawal if it is selected for trial before this Court.

## II.  Selection of a Replacement Bellwether Case

On September 9, 2010, the Court directed the Plaintiffs' Steering Committee ("PSC") and Merck "each to select one case for trial from the pool of trial-ready cases," and also to "choose two cases to serve as replacements in the event that a selected case does not proceed to trial." In re Fosamax Prods. Liab. Litig., No. 06 MD 1789 (JFK) (S.D.N.Y. Sept. 9, 2010)

(order concerning selection of additional bellwether cases).  By letter dated September 17, 2010, Merck selected Hester as its primary selection and Raber v. Merck & Co., Inc., No. 06 Civ. 6295 (JFK), as its first alternate selection.  Prior to the commencement of trial, plaintiff Carolyn Hester withdrew her claims against Merck.  See Hester v. Merck & Co., Inc., No. 06 Civ. 9450 (JFK) (S.D.N.Y. Apr. 15, 2011) (stipulation and order of dismissal with prejudice).  Therefore, according to the Court's September 9, 2010 Order, Merck's alternate selection shall replace Hester.

### III.  Conclusion

For the reasons stated above, plaintiffs' motions to rescind their Lexecon waivers are DENIED.

The Court ORDERS that Raber v. Merck & Co., Inc., 06 Civ. 6295 (JFK), shall replace Hester as the fifth bellwether case in the Fosamax MDL.  The Raber trial is hereby scheduled to commence on November 7, 2011, at 10:00 a.m.

**SO ORDERED.**

Dated:   New York, New York
         April 27, 2011

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge